UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Francis Discolo,<br>Individually, and on behalf of all others similarly situated,<br><br>                     Plaintiff,<br>     -v-<br><br>United Security, Inc.,<br><br>                     Defendant. | Civ. Action #:<br><br>**Complaint**<br>**(Class Action)**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Francis Discolo ("Plaintiff," or "Discolo"), on behalf of himself and all others similarly situated, by Abdul Hassan Law Group, PLLC, his attorney, complaining of the Defendant United Security, Inc. ("Defendant" or "USI"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff complains on behalf of himself and a class of other similarly situated current and former employees of Defendant, pursuant to the Fed. R. Civ. Proc. 23, that he and they: 1) were employed by Defendant within the State of New York as manual workers within the six-year period preceding the filing of this action to the date of disposition of this action; 2) entitled to maximum liquidated damages (for the period after April 9, 2011) and interest for being paid overtime wages and non-overtime wages later than weekly; and 3) entitled to costs and attorneys' fees, pursuant to the New York Labor Law ("NYLL") §§ 191, 198, and the regulations thereunder; as well as an injunction prohibiting Defendant from continuing to violate the weekly payment requirement for manual workers set forth in NYLL 191.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, including 28 U.S.C. § 1332 (a)(1).

3. This Court also has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, there are more than 100 members of the class and, Plaintiff and Defendant

1

are citizens of different states.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b), including 28 U.S.C. § 1391(b)(2).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

6. Defendant is subject to personal jurisdiction in New York.

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## THE PARTIES

8. Plaintiff Francis Discolo ("Plaintiff" or "Discolo") is a citizen and resident of New York who is an adult, over eighteen years old, and currently resides in Nassau County in the State of New York.

9. Upon information and belief and at all times relevant herein, Defendant United Security, Inc. ("USI"), was a foreign for-profit corporation and a citizen of the state of New Jersey with a place of business in New York at 4295 Arthur Kill Road, Staten Island, NY, 10309.

## STATEMENT OF FACTS

10. Upon information and belief, and at all relevant times herein, Defendant was in the business of providing security and protective services to clients in several states, including in New York State.

11. Upon information and belief, and at all relevant times herein, Defendant employed over 500 employees at any given time and about more than 400 employees during the class period.

12. At all times relevant herein, Plaintiff was employed by Defendant to handle, move, transport, and secure, inmates, prisoners, and similar persons and he performed physical and repetitive

tasks within his capacity throughout his workday.

13. Upon information and belief, and at all times relevant herein, Plaintiff was employed by Defendant for about 10 years ending in or around March 2023.

14. At all times relevant herein, Plaintiff worked approximately 50-60 hours a week for Defendant, and sometimes more – 5-6 days each week.

15. At all times relevant herein, Plaintiff was an hourly employee of Defendant, and his last regular hourly rate of pay was about $40.00 an hour.

16. At all times relevant herein, Plaintiff and the putative class members were paid on a bi-weekly basis in violation of NYLL § 191 (1)(a)(i).

17. Plaintiff's hours worked and wages paid will be refined after Defendant produces employment, time and wage records it was required to keep under the FLSA (29 USC 211 and 29 CFR 516) and NYLL (12 NYCRR 142-2.6 and NYLL 195) – *accurate* copies of such records are referenced and incorporated herein.

18. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## (NYLL § 191, 198  - Untimely Wage Payments)

19. Plaintiff alleges on behalf of himself and all others similarly situated and incorporates by reference the allegations in paragraphs 1 through 18 above.

## CLASS ALLEGATIONS

20. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

21. The class of similarly-situated individuals as to the first cause of action under the NYLL is defined as current and former employees who worked for the Defendant as manual workers

within the State of New York and who: 1) were not paid their non-overtime and/or overtime wages weekly as also explained above, within at least the six-year period, preceding the filing of this complaint to the date of disposition of this action.

22. The class definition will be refined as is necessary, including after discovery if necessary – the class also includes persons employed by Defendant to handle, move, transport, and secure, inmates, prisoners, and similar persons, etc.

23. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are over 400 members of the class during the class period.

24. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

25. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid wages weekly.

26. Upon information and belief, the claims of the representative party are typical of the claims of the class.

27. The representative party will fairly and adequately protect the interests of the class.

28. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

29. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

   (a) Whether, Defendant failed and/or refused to pay the Plaintiff and the putative class members their wages weekly, as required by NYLL 191(1)(a).

30. A class action is superior to other available methods for the fair and efficient adjudication of

the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant and in light of the large number of putative class members.

31. At all times relevant to this action, plaintiff and all those similarly situated as class members, were employed by Defendant within the meaning of the New York Labor Law, §§ 190 et Seq., including NYLL § 191(1)(a) and the regulations thereunder.

32. At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff and all those similarly-situated as class members, their wages including overtime and non-overtime wages weekly, in violation of the NYLL § 191 (1)(a).

## Relief Demanded

33. Due to Defendant's NYLL 190 et Seq. violations, Plaintiff, and all those similarly situated, are entitled to recover from Defendant, maximum liquidated damages (for the period after April 9, 2011), and interest on wages paid later than weekly, plus attorneys' fees, and costs of the action, pursuant to NYLL § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

34. Certify this case as a class action pursuant to FRCP Rule 23 et Seq.;

35. Declare Defendant to be in violation of the rights of Plaintiff and class members under the Article 6 of the New York Labor Law, and the Regulations thereunder;

36. As to the **First Cause of Action**, award Plaintiff and those similarly situated as class members, interest and maximum liquidated damages on all wages paid later than weekly plus attorneys' fees, costs and disbursements pursuant to NYLL §§ 191, 198

37. Award plaintiff, and all others similarly situated where applicable, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore

5

clause/prayer for relief;

38. Award Plaintiff and all those similarly situated such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
           **April 28, 2024**

Respectfully submitted,

Abdul Hassan Law Group, PLLC


/s/ Abdul Hassan
Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-355-9668
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*